IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

STONE & WEBSTER, INC.                         :

                                              :

      v.                    : Civil Action No. DKC 11-0131

                                              :

MIRANT MID-ATLANTIC, LLC                      :

                                              :

**ORDER**

On March 28, 2011, the court established an interlocutory lien in favor of Stone & Webster, Inc., against the power generating station known as the Dickerson Plant located at 21200 Martinsburg Road, Dickerson, Maryland 20842, consisting of units D1, D2, and D3 and the improvements thereon.  (ECF No. 17). Stone & Webster subsequently filed a supplemental petition to establish and enforce a mechanic's lien against the Dickerson Plant for additional final payments due on Stone & Webster's construction work at the Plant.  (ECF No. 22).  Mirant Mid-Atlantic, LLC ("Mirant"), filed a verified answer to the supplemental petition on August 8, 2011.  (ECF No. 25).  In its answer, Mirant incorporated its defenses to Stone & Webster's original lien petition, but did not raise any factual disputes.

If, upon review of a petition to establish a mechanic's lien, the court "determines that the lien should attach, it shall pass an order that directs the owner to show cause within

15 days from the date of service on the owner of a copy of the order, together with copies of the pleadings and documents on file, why a lien upon the land or building and for the amount described in the petition should not attach." Md. Code Ann., Real Property § 9-106(a)(1). The purpose of the show cause order is to inform the owner that it "may appear at the time stated in the order and present evidence in [its] behalf or may file a counteraffidavit at or before that time," and that if it "fails to appear and present evidence or file a counteraffidavit, the facts in the affidavit supporting the petitioner's claim shall be deemed admitted and a lien may attach to the land or buildings described in the petition." *Id*. If the owner wishes to "controvert any statement of fact contained in the affidavit supporting the petitioner's claim," the owner must "file an affidavit in support of his answer showing cause." § 9-106(a)(2). Where "the pleadings, affidavits and admissions on file, and the evidence, if any, show that there is no genuine dispute as to any material fact and that the lien should attach as a matter of law, then a final order shall be entered establishing the lien for want of any cause shown to the contrary." § 9-106(b)(1).

Here, Mirant has filed a verified answer to the supplemental petition in which it merely "incorporates . . . its Affirmative Defenses delineated in its Verified Answer to

Petition and Amended Petition to Establish Mechanic's Lien." (ECF No. 25, at 4). The court previously addressed those defenses in a Memorandum Opinion issued March 28, 2011 (ECF No. 16), and Mirant has presented no further issue that would require resolution at a hearing. Accordingly, a show cause hearing is unnecessary, and the court finds that "the pleadings, affidavits and admissions on file" show that "there is no genuine dispute as to any material fact and that the lien should attach as a matter of law." Md. Code Ann., Real Property § 9-106(b)(1).

Accordingly, it is this 15th day of August, 2011, by the United States District Court for the District of Maryland, ORDERED that:

1. Plaintiff Stone & Webster's petition for a supplemental interlocutory lien (ECF No. 22) BE, and the same hereby IS, GRANTED;

2. An interlocutory lien BE, and the same hereby IS, ESTABLISHED in favor of Stone & Webster, Inc. and against the power generating station known as the Dickerson Plant, located at 21200 Martinsburg Road, Dickerson, Maryland 20664, consisting of units D1, D2, and D3, and the improvements thereon, in the amount of $41,904,784.34;

3. Defendant Mirant Mid-Atlantic, LLC, may post a bond in the amount of $41,904,784.34 to have the lien released;

3

4.    These proceedings BE, and the same hereby ARE, STAYED pending resolution of ongoing proceedings between the parties in the United States District Court for the Southern District of New York;

5.    The Clerk shall ADMINISTRATIVELY CLOSE this case;

6.    At such time as either party may have a basis for reviving the present suit that is consistent with the previous Memorandum Opinion and Order (ECF Nos. 16, 17) and/or this Order, it may request that the case be reopened by filing a motion with the court, and the opposing party shall have the opportunity to file an appropriate response in due course thereafter; and

7.    The Clerk will transmit copies of this Order to counsel for both parties.

_____/s/_____
DEBORAH K. CHASANOW
United States District Judge